UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MICHEL TORRES DIAZ, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                              )
Plaintiff,                           )
   vs.                                    )
                                                )
ADVENTURE TIRES 3 LLC,           )
LUIS SERRANO,                         )
                                                )
         Defendants.          )
_____ )

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, MICHEL TORRES DIAZ, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, ADVENTURE TIRES 3 LLC, and LUIS SERRANO, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff is a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant, ADVENTURE TIRES 3 LLC, is a corporation that regularly transacts business within Miami Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff' respective period of employment ("the relevant time period").

4. The individual Defendant, LUIS SERRANO, is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff' wages for the relevant time period and controlled Plaintiff' work and schedule and was therefore Plaintiff' employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Miami Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATIONS

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendants as a mechanic from on or about March 1, 2015 through on or about April 2, 2018.

10. Under information and belief of Plaintiff and based on a review of Defendants website "adventure-tires.com" (Adventure Tires LLC), Defendants services include but are not limited to axle and cv joint repair, installation of belts and hoses, brake repair, climate control systems maintenance and repair, cooling system repair, diesel engine repair, exhaust system

repair, lube, oil and filter change, transmission repair, tire services and wheel alignment. Per Defendants' website, Defendants sale of tires include brands such as BFGoodrich, Cooper tires, General Tire, Goodyear, and Michelin.

11. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff' work for the Defendants affected interstate commerce for the relevant time period. Plaintiff' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff use of the same. The Plaintiff' work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff' work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. During the relevant time period, Defendants regularly employed two or more workers, for the relevant period.

14. Under information and belief of Plaintiff, two or more workers, handled goods and materials that travelled through interstate commerce, or used instrumentalities of interstate commerce such ascar axles and cv joints, car belts and hoses, car brakes, climate control systems, cooling systems, lubes, oils and filters, tires and other goods and materials. Per Defendants' website, Defendants sale of tires includes brands such as BFGoodrich, Cooper tires, General

   During the relevant time period, Plaintiff routinely used the above-described goods and materials that travelled through interstate commerce purchased by Defendants' company. Thus, with respect, to enterprise coverage, it is believed that Defendants employed numerous employees that, on a regular and recurrent basis, handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce. The goods and materials referenced herein were an integral part of Defendants' business for the relevant time period and Plaintiff' performance of window installing work for the relevant time period.

15. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2014, 2015, 2016 and 2017.

16. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $250,000 for the first six months of the year 2018 and is expected to exceed $500,000 for the year 2018.

17. Upon information and belief, Defendants are part of a joint enterprise as defined by 29 U.S.C. 203(r) as the related activities between the Defendant Companies and several other companies, performed through unified operation and/or common control, are being done for a common business purpose. The Defendant Company acts in tandem with several other entities all believed to be named Adventure Tire. For purposes of the issue of gross annual income, regarding FLSA enterprise coverage, Plaintiff intends to stack income as appropriate pursuant to the applicable law.

18. Between the period of on or about March 1, 2015 through on or about June 23, 2016,

Plaintiff worked an average of 51 hours a week[1] for Defendants and was paid an average of $25.00 per hour but was not paid anything for 11 hours worked over 40 hours in a week as required by the Fair Labor Standards Act.[2] Plaintiff therefore claims the time and a half overtime rate for approximately 5 hours worked above 40 in a week

19. Between the period of on or about June 24, 2016 through on or about April 2, 2018, Plaintiff worked an average of 51 hours a week[3] for Defendants and was paid an average of $16.00 per hour but was not paid anything for 5 hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time and a half overtime rate for approximately 5 hours worked above 40 in a week.[4]

20. Defendants willfully and intentionally refused to pay Plaintiff' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff' employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be

---

[1] Some of Plaintiff's pay stubs in his possession reflect that Plaintiff was paid *some* overtime *some of the time* however he was not paid for hours worked "engaged to be waiting off the clock," hours which were worked as required to by Defendants.

[2] Except for approximately one (1) week each year.

[3] Some of Plaintiff's pay stubs in his possession reflect that Plaintiff was paid *some* overtime *some of the time* however he was not paid for hours worked "engaged to be waiting off the clock," hours which were worked as required to by Defendants.

[4] Except for approximately one (1) week each year.

proven at the time of trial for all overtime wages still owing from Plaintiff' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                Respectfully Submitted,

                J.H. Zidell, Esq.
                J.H. Zidell, P.A.
                Attorney for Plaintiff
                300 71st Street, Suite 605
                Miami Beach, Florida 33141
                Tel: (305) 865-6766
                Fax: (305) 865-7167
                Email: ZABOGADO@AOL.COM

                By:__/s/ J.H. Zidell_____
                J.H. Zidell, Esq.
                Florida Bar Number: 0010121