**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 1:18-cv-21552-KMM

MICHEL TORRES DIAZ, and all others similarly situated under 29 U.S.C. 216(b),

    Plaintiffs,

v.

ADVENTURE TIRES 3 LLC, LUIS SERRANO,

    Defendants.
_____/

## DEFENDANT ADVENTURE TIRES 3 LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Adventure Tires 3 LLC, by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiffs' Complaint [DE #1], as follows:

1. Admitted that the alleges a cause of action under the Fair Labor Standards Act 29 U.S.C. §§201-216.

2. Defendants are without knowledge as to the truthfulness or accuracy of the allegation contained in this Paragraph, but presume it to be true, for jurisdiction and venue purposes only.

3. Admitted that the entity Defendant is a corporation that regularly transacts business within Miami-Dade County. All other allegations of this paragraph are expressly denied.

4. Defendant may not answer an allegation on behalf of its co-defendant, when that allegation has no bearing on the liability of the Defendant answering the Complaint, Adventure Tires 3 LLC.

5. Admitted for venue purposes only, denied for any other purpose.

1

## COUNT ONE FEDERAL OVERTIME VIOLATION

6. Admitted that the Complaint alleges violation of a United States statute. Admitted that the Complaint attempts to allege a cause of action for collective action under 29 U.S.C. §216(b). All other allegations or assertions in this paragraph are denied.

7. Admitted that if a cause of action exists under the FLSA then this Court is vested with Jurisdiction. Denied that a cause of action exists, under the FLSA, vesting this court with jurisdiction.

8. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute speaks for itself.

9. Denied.

10. Admitted

11. Admitted

12. Admitted

13. Admitted

14. Admitted

15. Admitted

16. Admitted

17. Denied that Defendant is part of a joint enterprise, Defendant stipulates to Enterprise Coverage.

18. Denied

19. Denied

20. Denied

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred to the extent that he did not actually work the hours he is alleging he is owed payment for.

### Second Affirmative Defense

Plaintiffs' damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of, in any occurred, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### Third Affirmative Defense

Plaintiffs' claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminary to his principal activities.

### Fourth Affirmative Defense

Plaintiffs' damages are barred or limited by the de minimus doctrine, 29 C.F.R. §785.47. *See, Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

### Fifth Affirmative Defense

Plaintiff was paid a fixed salary for a fluctuating work-week, accounting for all hours worked be they many or few. Hence, any claim for overtime, if one exists, is limited to a claim for half-time as calculated in accordance with the Fluctuating Work Week Method.

### Sixth Affirmative Defense

Plaintiffs' damages, if any, are limited by the relevant statute of limitations of two years.

### Seventh Affirmative Defense

Plaintiff fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

### Eighth Affirmative Defense

Plaintiff is not entitled to damages for hours not actually worked during any workweek.

### Ninth Affirmative Defense

Plaintiff has not met all of the requirements to bring a collective action under the FLSA.

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendant reserves the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE; Defendant, having fully answered the Complaint and having raised legal defenses thereto, requests judgment in its favor in its entirety and that the Defendant be awarded costs, including reasonable attorneys' fees.

### JURY DEMAND

Defendant hereby request trial by jury on all issues so triable.

Respectfully Submitted, May 15, 2018,

> LUBELL & ROSEN, LLC
> *Attorneys for Defendants*
> 200 S. Andrews Ave, Suite 900
> Fort Lauderdale, Florida 33301
> Phone: (954) 880-9500
> Fax: (954) 755-2993
> E-mail:   adi@lubellrosen.com
>
> By: *s/Joshua H. Sheskin*
>     Joshua H. Sheskin, Esquire
>     Florida Bar No. 93028

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on May 15, 2018, I electronically filed the foregoing document with the clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

              By:___/s Joshua H. Sheskin_____
                 Joshua H. Sheskin, Esquire
                 Florida Bar No: 93028


## SERVICE LIST

*Diaz v. Adventure Tires 3 LLC, et al*
Case No.: 1:18-cv-21552-KMM

| | |
|---|---|
| E. David Kelly, Esquire | Adi Amit, Esquire |
| Alejandro G. Martinez-Maldonado, Esq. | LUBELL & ROSEN, LLC |
| Natalie Staroschak Esq. | 200 S. Andrews Avenue |
| J.H. ZIDELL, P.A. | Suite 900 |
| 300 71st Street | Fort Lauderdale, Florida 33301 |
| Suite 605 | adi@lubellrosen.com |
| Miami Beach, Florida 33141 | *Counsel for Defendant, Adventure Tires 3 LLC* |
| David.kelly38@rocketmail.com | |
| Martinez.zidelllaw@gmail.com | |
| nstar.zidellpa@gmail.com | |
| *Counsel for Plaintiff* | |